**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SANDRA MULDROW, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1771 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 6 |
| | : | | |
| EMC MORTGAGE CORPORATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

DENYING DEFENDANT ROSENBERG'S MOTION TO DISMISS

**I. INTRODUCTION**

This matter comes before the court on defendant Rosenberg and Associates, LLC's ("Rosenberg") motion to dismiss. The plaintiff has brought suit against Rosenberg under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, claiming that it engaged in unlawful debt collection practices. Rosenberg contends that it is not a proper party in the litigation and therefore not subject to or in violation of the FDCPA. Rosenberg asks that the court dismiss the matter against it for failure to state a claim, which the court denies because the plaintiff appropriately identified Rosenberg as a party.

**II. BACKGROUND**

**A. Factual History**

In October 2006, the plaintiff, a resident of the District of Columbia, obtained a loan from defendant EMC Mortgage Company ("EMC") to purchase a residential property in the District of Columbia. Compl. ¶ 5. The loan was secured by a first deed of trust on the plaintiff's residence.

*Id.* Over the next few years, the plaintiff became increasingly unable to make her monthly payments. *Id.* ¶ 6. Ultimately, EMC[1] hired Rosenberg, a Maryland law firm, as a substitute trustee to initiate foreclosure proceedings against the plaintiff after she defaulted on her loan. *Id.* ¶¶ 6-7; Pl.'s Opp'n, Ex. A.

On June 23, 2008, Rosenberg mailed a notice[2] to the plaintiff at the plaintiff's residence, describing Rosenberg's relationship to EMC, explaining that Rosenberg was the legal enforcer of the loan and informing the plaintiff that the notice was an "attempt to collect a debt." Pl.'s Opp'n, Ex. A at 1-2. The notice included the total amount owed by the plaintiff, allowing for interest, late charges and other day-to-day charges that might be incurred at the plaintiff's expense, and advised the plaintiff that she could either take no action and assume the validity of the debt or notify the defendant within thirty days that she disputed part or all of the debt. *Id.* at 1. According to the notice, if the plaintiff did not dispute the debt, she was to send a check to Rosenberg, who would not deposit the check until after informing the plaintiff of any adjustments in the amount owed. *Id.* If the plaintiff contested the debt within thirty days, Rosenberg would suspend collection activities, obtain verification of the debt and mail the verification to the plaintiff. *Id.*

---

[1] In the complaint, the plaintiff alleges that EMC hired Rosenberg to initiate foreclosure proceedings. *See* Compl. ¶¶ 6-7. Rosenberg reiterates this fact in it's motion. *See* Def.'s Mot. at 2. The notice sent to the plaintiff, however, indicates that Mortgage Electronic Registration Systems, Inc., is the holder of the mortgage. *See* Pl.'s Opp'n, Ex. A. This difference is immaterial for the purposes of this Memorandum Opinion.

[2] Although the plaintiff references this notice as an attachment to her complaint, *see e.g.*, Compl. ¶¶ 7-13, no such attachment exists. It was not until the plaintiff filed her opposition to the instant motion that she provided the defendants and the court with a copy of this notice. *See* Pl.'s Opp'n, Ex. A.

The notice sent by Rosenberg stated that the plaintiff's "failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability." *Id*. at 1-2. Additionally, the notice informed the plaintiff that she might be eligible for a payment plan program and instructed the plaintiff to contact Rosenberg to determine if she met the program's qualifications, with foreclosure proceedings continuing in the interim. *Id*. at 2. The foreclosure sale was scheduled for July 29, 2008. *Id.* at 3.

Rosenberg notified the plaintiff that her property was being sold at a foreclosure sale to satisfy her debt on the property and informed her that the sale date was subject to up to a thirty-day postponement. *Id*. at 1. Also included in the notice was the total amount owed by the plaintiff, plus attorney's fees, foreclosure costs and all accruals under the terms of the Deed of Trust and Note and through the date of the notice. *Id*. 1, 3. Rosenberg identified itself as the entity the plaintiff should contact to stop the foreclosure sale and provided its address and phone number. *Id.* at 2. According to the notice, the minimum balance required to cure the default obligation was $12,565.59, plus attorney's fees, foreclosure costs and all accruals. *Id*. at .

Following the procedures set forth in the notice, the plaintiff disputed the debt in writing and requested from Rosenberg the amount necessary to bring the mortgage current. Compl. ¶ 12. The plaintiff then contacted EMC to discuss loan mitigation to stop the foreclosure sale.[3] *Id*. ¶ 13. The foreclosure sale did not occur. *Id*. at ¶ 23.

---

[3]   The plaintiff indicates that the notice advised that she could contact EMC regarding mitigation procedures. Compl. ¶ 13. The notice attached to the plaintiff's opposition is ostensibly what should have been attached to the complaint and contains no such advisement. *See* Pl.'s Opp'n, Ex. A. This contradiction, however, does not affect the court's analysis below.

### B. Procedural History

On September 15, 2008, the plaintiff filed a civil action against EMC and Rosenberg in the Superior Court for the District of Columbia. *See Muldrow v. EMC Mortgage Corp. et al.*, D.C. Super. Ct., Case No. 2008-658 R(RP). The plaintiff accused EMC with violating the D.C. Consumer Protection Procedures Act and accused Rosenberg of violating the FDCPA. *See generally* Compl.

Rosenberg removed the action to this court on October 16, 2008. *See* Notice of Removal. On October 23, 2008, Rosenberg moved to dismiss the action against it, alleging that the plaintiff failed to state a claim in accordance with Federal Rule of Civil Procedure 12(b)(6). *See* Rosenberg's Mot. to Dismiss ("Def.'s Mot"). The plaintiff opposed Rosenberg's motion on November 11, 2008, *see generally* Pl.'s Opp'n, and the court turns now to the parties' arguments.

### III.  ANALYSIS

### A.  Legal Standard for a Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and

defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs some information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 557. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### B. The Court Denies Defendant Rosenberg's Motion to Dismiss

Determining that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress passed the FDCPA to eliminate those practices.  15 U.S.C. § 1692(a).  The FDCPA protects (1) consumers (2) who have been subjected to abusive, deceptive or unfair debt collection practices (3) by a debt collector (4) in an attempt to collect a debt.  *See Piper v. Portnoff*, 396 F.3d 227, 232 (3d Cir. 2005) (citing 15 U.S.C. §§ 1692e-f).  The first and second prongs of this analysis are not contested in this case.  *See generally* Def.'s Mot.; Pl.'s Opp'n; Def.'s Reply.

Rosenberg maintains that as a substitute trustee, it is not a debt collector within the meaning of §§ 1692d, 1692e or 1692g[4] of the FDCPA.  More specifically, Rosenberg argues that pursuant to the terms of § 1692a(6), substitute trustees are only liable under § 1692f(6).  Def.'s Mot. at 5-11.  Section 1692a(6) states, in relevant part, that

> [f]or the purpose of section 1692f(6) of this title, [the term "debt collector"] also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

Based on this language, Rosenberg argues that substitute trustees are exempt from liability under all provisions of the FDCPA *except* § 1692f(6).  Def.'s Mot. at 5-8.  Rosenberg further argues that, even if the court determines it is a debt collector within the meaning of the sections cited by the plaintiff, it was still not involved in the collection of a debt.  *Id.* at 9-11.

---

[4]   The plaintiff's complaint appears to state claims under these three sections.  *See* Compl. ¶¶ 40-59.  In count three, however, the plaintiff cites to § 1692f, but quotes from § 1692g(b).  *Id.* ¶¶ 45, 48.  Based on the discussion in the plaintiff's complaint, *see id.* ¶¶ *40-49*, and the parties' briefs, *see* Def.'s Mot. at 7-11; Pl.'s Opp'n at 3-5; Def.'s Reply at 5-8, the court assumes that the plaintiff intended to cite to § 1692g.

The plaintiff counters that her mortgage is a "debt" as defined by 15 U.S.C. § 1692a(5) because it constitutes an obligation to pay money that arose out a transaction in which the property was primarily for personal, family or household purposes. Pl.'s Opp'n at 4. The plaintiff also asserts that, although Rosenberg is unquestionably a substitute trustee, that fact does not preclude it from being held liable as a debt collector. *Id.* at 3.

As this Circuit has not determined whether § 1692a(6) of the FDCPA excludes substitute trustees from liability under the general provisions of the FDCPA, both parties cite decisions from other jurisdictions to support their positions. *Compare Piper*, 396 F.3d at 232 (applying the FDCPA to debts secured by real property); *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (concluding that an eviction notice for failure to pay rent can be an attempt to collect a debt); *Shapiro & Meinhold v. Zartman*, 823 P.2d 120, 124 (Colo. 1992) (holding that "a foreclosure is a method of collecting and debt" and, thus, the defendant attorneys "are not exempt merely because their collection activities are primarily limited to foreclosures") *with Jordan v. Kent Recovery Servs., Inc.*, 731 F. Supp. 652, 658 (D. Del. 1990) (distinguishing a debt collector from an enforcer of a security interest, who has a "present right to a piece of secured property [and] attempts to retrieve something which another person possesses but which the holder of the security interest still owns").

This court, however, finds persuasive the Fourth Circuit case of *Wilson v. Draper & Goldberg, PLLC* – a case involving nearly identical circumstances though not addressed by either party in their briefs. 443 F.3d 373 (4th Cir. 2006). The plaintiff in *Wilson* brought suit against the law firm that acted as the substitute trustee for the holder of the deed of trust on the plaintiff's property. *Id.* at 374. The defendant initiated foreclosure proceedings on the plaintiff's property

and sent her a notice that provided information regarding the creditor and the amount of the debt owed. *Id.* The *Wilson* defendants included in their notice a statement specifying that they were not "'debt collectors' or acting in connection with the collection of a 'debt.'" *Id.* Nevertheless, the court held that the default on a Deed of Trust Note is a debt, and that concluding otherwise "would create an enormous loophole in the [FDCPA] immunizing any debt from coverage if that debt happened to be secured by a real property interest and foreclosure proceedings were used to collect that debt." *Id.* at 376 (citing *Piper*, 396 F.2d at 234; *Romea*, 163 F.3d at 116; *Shapiro*, 823 P.2d at 124). The *Wilson* court went on to explain that

> [Section 1692a(6)] applies to those whose *only* role in the debt collection process is the enforcement of a security interest. *See Jordan*[, 731 F. Supp. at 657] ("It thus appears that Congress intended an enforcer of a security interest, such as a repossession agency, to fall outside the ambit of the FDCPA except for the provisions of § 1692f(6)."). In other words, this provision is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of "debt collector." *See Piper*, 396 F.3d at 236 ("Section 1692a(6) thus recognizes that there are people who engage in the business of repossessing property, whose business does not primarily involve communicating with debtors in an effort to secure payment of debts.").

443 F.3d at 378 (emphasis in original).

Like the defendant in *Wilson*, Rosenberg is a law firm that was hired as a substitute trustee to enforce a Deed of Trust Note. *See generally* Def.'s Mot.; Pl.'s Opp'n, Ex. A. Nevertheless, in initiating foreclosure proceedings, Rosenberg undertook the role of debt collector and communicated with the plaintiff in a manner regulated by the FDCPA. *See Wilson*, 443 F.3d at 376-78. Adopting the defendant's logic that law firms acting as substitute trustees for mortgage holders are exempt from the provisions of the FDCPA is contrary to the stated purpose of the FDCPA. *See* 15 U.S.C. § 1692(a) (explaining that the FDCPA is designed to

protect consumers from unfair collection practices).  Accordingly, the court determines that the plaintiff has alleged sufficient facts to support her claim that, for the purposes of the actions described in the complaint, the plaintiff's mortgage is a "debt" and defendant Rosenberg was acting as a "debt collector."

## IV.  CONCLUSION

For the foregoing reasons, the court denies defendant Rosenberg's motion to dismiss.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 28th day of September, 2009.

                                                  RICARDO M. URBINA
                                                  United States District Judge